# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORADI GHARIBVAND IMAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:25-cv-01037-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>(ECF Nos. 3, 9) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As Petitioner has been removed from the United States, the undersigned recommends the motion to dismiss be granted and the petition be dismissed as moot.

**I.**

**BACKGROUND**

On August 18, 2025, Petitioner filed the instant petition for writ of habeas corpus, asserting that he has been detained in the custody of the United States Immigration and Customs Enforcement ("ICE") since January 27, 2025, and that his prolonged detention without a hearing on danger and flight risk violates due process. (ECF No. 1 at 2, 5, 16.[1]) On or about September

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

30, 2025, Petitioner was removed from the United States to Iran. (ECF No. 9-1 at 2.) On October 20, 2025, Respondent filed a motion to dismiss the petition as moot. (ECF No. 9.) To date, no opposition to the motion to dismiss has been filed, and the time for doing so has passed.

**II.**

**DISCUSSION**

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). In the petition, Petitioner challenges his prolonged immigration detention. On or about September 30, 2025, Petitioner was removed from the United States. (ECF No. 9-1 at 2.) Given that Petitioner is no longer in ICE custody, the Court finds that no case or controversy exists and the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

Petitioner has moved for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). In light of the Court's conclusion that dismissal of the petition for mootness is warranted, the Court denies Petitioner's motion for appointment of counsel.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondents' motion to dismiss (ECF No. 9) be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED as MOOT.

Further, the Court HEREBY ORDERS that:

1. Petitioner's motion for appointment of counsel (ECF No. 3) is DENIED; and

2. The Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 10, 2026**            /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE

3