UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORADI GHARIBVAND IMAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:25-cv-01037-JLT-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENTS' MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 9, 11) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 12, 2026,[1] the magistrate judge issued findings and recommendations recommending that Respondents' motion to dismiss be granted and the petition for writ of habeas corpus be dismissed as moot because Petitioner has been removed from the United States. (Doc. 11.) The Court served the findings and recommendations on the parties and notified them that any objections were due in 14 days. (*Id.* at 3.) The Court further warned the parties "that failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.* (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)).) To date, no objections have

---

[1] The findings and recommendations were signed on January 10, 2026, but not docketed until January 12, 2026.

1

been filed, and the time for doing so has passed.

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court holds the findings and recommendations to be supported by the record and proper analysis.[2]

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on January 12, 2026 (Doc. 11) are **ADOPTED IN FULL**.

2. Respondents' motion to dismiss (Doc. 9) is **GRANTED**.

3. The petition for writ of habeas corpus is **DISMISSED**.

4. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **February 21, 2026**

_____
UNITED STATES DISTRICT JUDGE

---

[2] In the event a notice of appeal is filed, a certificate of appealability is not required because this is an order dismissing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see also Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997).

2